UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **THRESA LYNN WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. CV-04-HS-3404-E** |
| **v.** | ) | |
| | ) | |
| **TALLADEGA CITIZENS** | ) | |
| **BAPTIST MEDICAL CENTER,** | ) | |
| **STEVE GAUTNEY, AGENT** | ) | |
| **SUSAN GANN, AGENT** | ) | |
| **CONNIE GOODWIN** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF OPINION

Before the Court is the Motion to Dismiss (doc. 9) filed by the Defendant Citizens Baptist Medical Center, who is mistakenly identified in the Plaintiff's Complaint as Talladega Citizens Baptist Medical Center. The motion seeks the dismissal of the claims brought in this action by the Plaintiff Thresa Lynn Williams on the basis that the Court lacks subject matter jurisdiction. On February 23, 2005, the Plaintiff, who appears in this action unrepresented by counsel, was given twenty-one days to oppose the motion. No opposition has been filed. Having reviewed the motion and the premises therefor, the Court now finds that it is well-taken.

It is fundamental that the federal courts are courts of limited jurisdiction. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir.

2003).  In bringing an action in federal court, "a pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting Fed. R. Civ. P. 8(a)).  The Defendants argue that the Williams failed to meet this requirement.

In her Complaint, Williams indicated that this Court's jurisdiction was based upon "320 (assault, libel & slander)" and "442 (civil rights: jobs)."  However, assault, libel and slander are state, not federal, causes of action.  *See Bartholomew v. AGL Resources, Inc.*, 361 F.3d 1333, 1341 (11th Cir. 2004) (defamation, which includes libel and slander, is a state law cause of action); *Fitzgerald v. McDaniel*, 833 F.2d 1516, 1518 (11th Cir. 1987) (assault is a state law cause of action).  The parties in this action are not diverse; all are of Alabama citizenship.  Therefore, with respect to Williams' claims for assault, libel, and slander, the Court does not have jurisdiction on the basis that a federal question is presented, *see* 28 U.S.C.A. § 1331, nor on the basis that the case involves adverse parties of diverse citizenship.  *See* 28 U.S.C.A. § 1332.  The only possible basis of jurisdiction, therefore, is Williams' indication in the Complaint that she brings civil rights employment claims.

Construing this complaint liberally, as the Court must with a *pro se* plaintiff, *see Hughes v. Lott,* 350 F.3d 1157, 1160 (11th Cir. 2003), the Court discerns that

Williams may have intended to allege causes of action of wrongful employment action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e *et seq.*; under sections 1981 and 1983, title 42, United States Code, *see* 42 U.S.C.A. §§ 1981, 1983, as amended by the Civil Rights Act of 1991; under the Age Discrimination Employment Act, *see* 29 U.S.C.A. §§ 621 *et seq.*; or the American with Disabilities Act.  *See* 42 U.S.C.A. §§ 12101 *et seq.*  As to these possible claims, however, the Defendant concedes that the Court would have jurisdiction.  However, the Defendant argues that the Plaintiff has failed to state a claim and moves for dismissal under Federal Civil Procedure Rule 12(b)(6).

The standard for surviving a motion under Rule 12(b)(6) motion is extremely low.  *See Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983))  The court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa,* 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*

*v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).

Even under the generous standard set out above, the Plaintiff's complaint falls short. The Plaintiff's allegations relate solely to a claim that "Susan Gann conspired with the staff members at Talladega Public Health to perpetuate the lie that I was being moved from one facility to the next because of a foot stench." (*See* Complaint, doc. 1, ¶ 4.) The Plaintiff further alleges that Steve Gautney and Connie Goodwin are "a part of this conspiracy to perpetuate the foot stench rumor." (*Id.*) The Complaint is devoid of any allegation that an adverse employment action was taken against the Plaintiff on the basis of her race, sex, religion, or national origin, or of her condition of pregnancy, or due to her disability,[1] or her age, or as retaliation for her complaints regarding discriminatory treatment, or as retaliation for her exercise of rights secured

---

[1] To the extent that the Complaint poses the issue of whether rumors of foot stench state a claim that an individual is regarded as having an impairment protected under the American with Disabilities Act, *see* 42 U.S.C.A. § 12102(2)(C), the Court rules that foot stench — real or imagined—does not constitute a physical or mental impairment that substantially limits an individual in a major life activity. *See* 42 U.S.C.A. § 12102(2)(A).

4

by the United States Constitution or under federal law. Accordingly, the Plaintiff has failed to state a claim under Title VII, section 1981, section 1983, the ADA, the ADEA, nor any other federal statute of which the Court is aware.

Because the Plaintiff has failed to state a well-pleaded federal cause of action, and because the parties in this action are not diverse, and because the Plaintiff failed to articulate any other possible basis of jurisdiction, the Court concludes that the Defendant Citizens Baptist Medical Center's motion to dismiss is due to be **GRANTED**. A separate order will be entered.

**DONE** and **ORDERED** this 31st day of March, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge